Gisela Weinstock, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued August 24, 1981, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Leonard S. Lipson,* for petitioner.

*William Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, *Robert F. Skwaryk,* Associate Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

PER CURIAM, September 18, 1981:

The claimant in this unemployment compensation case contends that the finding of the Board of Review that she had not given her employer prior notices of proposed absences from work during the period of five days in violation of the employer's work rules (for which she was discharged) is not supported by competent evidence, that is, evidence that was not hearsay. We have carefully reviewed the record and find this contention to be without merit.

The work rule is undisputed as is the fact that the claimant did not report to work after March 3, 1980. The employer agrees that the claimant called in sick on March 5, 1980. Its personnel representative testified that the claimant did not report proposed absences after March 5, 1980 and was discharged on March 14, 1980. The claimant testified that she had in fact made telephone calls attempting to reach the em-

ployer's service manager; that she could not get the service manager on the phone but left messages with unnamed sales persons who assertedly answered the phone. The divisional service manager testified that employees were required to report their proposed absences either to the service manager or to her, the divisional service manager, and that the claimant never called her after March 5, 1980.

Since the claimant admittedly never reported to her service manager and the testimony of the divisional service manager that the claimant was never in touch with her is unrebutted, competent evidence supports the Board of Review's finding that the claimant did not report as required without consideration of the hearsay evidence, of which the claimant complains, to the effect that persons at the service desk reported no call from the claimant.

Order affirmed.

PER CURIAM ORDER

AND Now, this 18th day of September, 1981, the order of the Unemployment Compensation Board of Review dated August 25, 1980 is affirmed.